IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CODY ANNETTE BLAINE,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | CV 17-98-H-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge John Johnston entered his Findings and Recommendations on August 2, 2018, recommending that the Social Security Commissioner's decision to deny disability benefits to Cody Annette Blaine ("Blaine") be reversed and remanded for further consideration. The Commissioner timely objects, and is therefore entitled to a de novo review of those portions of the Findings and Recommendations to which she specifically objects. 28 U.S.C. § 606(b)(1). Absent objection, the Court will review for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). For the reasons explained below, the Court adopts in part and rejects in part the Findings and Recommendations. The Court adopts the recommendation to reverse the Administrative Law Judge's

-1-

("ALJ") residual functional capacity ("RFC") determination, albeit for a different reason, rejects the recommendation that the ALJ properly dismissed Blaine's subjective symptom testimony, and adopts the remaining findings and recommendations in full.

## STANDARD OF REVIEW

This Court applies a deferential standard of review to the Social Security Administration's decision, focusing on procedural rather than substantive issues. The Court must affirm the decision if it is "supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). This determination requires a review of the "record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* The Court draws inferences in favor of the Commissioner, deferring to the Commissioner's decision "if evidence exists to support more than one rational interpretation." *Batson*, 359 F.3d at 1193.

Because the parties are familiar with the facts of this case, and because they are detailed in Judge Johnston's Findings and Recommendations, the Court will only reference the facts as necessary to understand this Order.

## DISCUSSION

Following the five-step sequential evaluation process required under the federal regulations implementing the Social Security Act, the ALJ determined that Blaine is not disabled because she retained the RFC to perform her past work. *See* 20 C.F.R. § 404.1520(a)(4) (i)–(v). After obtaining a final agency decision, Blaine filed in district court. (Doc. 1.) Upon review, Judge Johnston found that the ALJ erred by failing to include any limitations in Blaine's RFC to reflect her headaches, which was the primary cause of her disability. (Doc. 14 at 18.) Reviewing Blaine's remaining claims, Judge Johnston determined that the ALJ properly rejected the opinions and testimony of Blaine's treating physician, Blaine's own testimony, and the lay witness testimony. (*Id.* at 37–38.) Accordingly, Judge Johnston recommended that both parties' motions for summary judgment be granted in part and dismissed in part. (*Id.* at 38.) The Commissioner objects only to Judge Johnston's first finding concerning the RFC determination. (*Id.* at 3.) Blaine raises no objections. (Doc. 16.) However, because Judge Johnston's findings regarding the RFC requires the Court to review the ALJ's adverse credibility determination, the Court will review both findings de novo and the rest for clear error.

### I. Residual Functional Capacity

At step four, the ALJ determined that Blaine was not disabled because,

-3-

despite her medical impairments, Blaine retained the RFC to perform her past relevant work. The ALJ based this finding upon his determination that Blaine's testimony about the frequency and duration of her headaches was not credible, and that she suffers from "moderate, rather than debilitating, pain levels less frequently than alleged." (Doc. 7 at 23.)

Blaine's argument is two-fold: first, she argues the ALJ erred because he determined at step two that Blaine suffered from severe headaches, but made no accommodation for such in his RFC determination. (Doc. 11 at 9.) Second, Blaine argues that the ALJ's RFC determination contained no limitation for *any* headaches, severe or otherwise. (Doc. 13 at 3.)

The Commissioner responds that the ALJ's determination at step two does not control the outcome at step four, because the step two determination is a threshold finding. (Doc. 15 at 5 (quoting *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017) ("Step two is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the [residual functional capacity.]").) This argument is well-taken. The Court agrees that under *Buck* a finding at step two does not govern the outcome at step four. Nonetheless, in assessing a claimant's RFC, the ALJ was required to consider both severe and non-severe medical impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ erred by failing to do

so.

RFC is "the most [one] can still do despite [one's] limitations . . . based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. § 416.945(a)(1). The ALJ determines RFC based upon medical records, physicians' opinions, and the claimant's description of her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a)(3). In assessing a claimant's RFC, the ALJ is required to consider all of the claimant's medically determinable impairments, including those impairment that are not "severe," and any related symptoms that affect what the claimant can do in a work setting. 20 C.F.R. §§ 404.1545, 416.945. "Moreover, [the regulations] direct that 'careful consideration' be given to any evidence about symptoms 'because subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone.'" *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citing Soc. Sec. Ruling 96–8p 1996 WL 374184, at *5 (July 2, 1996).) However, an ALJ is not required to take into account claimed limitations that the ALJ found to be incredible or not supported by the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

In rendering a credibility determination, the ALJ engages in a two-step analysis. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). The ALJ first determines whether there is "objective medical evidence of an underlying

-5-

impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* Where the claimant makes this showing, and absent evidence of malingering, the ALJ may only reject a claimant's testimony about the severity of her symptoms by providing "specific, clear and convincing reasons." *Id.* "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014).

Here, the ALJ determined at step one of the process that Blaine suffered from a medically determinable impairment that could reasonably be expected to produce the symptoms of which she complains. (Doc. 7 at 23.) The ALJ made no finding that Blaine was malingering. (*See id.*) At step two, the ALJ largely rejected Blaine's testimony as to the severity and the frequency of her headaches, and concluded that Blaine was not credible for four reasons: Blaine's testimony at the hearing was (1) inconsistent with the generally benign medical findings, including her MRI scan (Doc. 12 at 9); (2) inconsistent with statements made to her medical providers, including that she suffers from "severe headaches" only from "time to time," (*id.* at 11); (3) inconsistent with her reports of improvement on medication (*id.*); and finally, (4) inconsistent with her reports of daily activities (*id.* at 12). Accordingly, the ALJ concluded that Blaine's testimony would only be recognized "to the extent [that her complaints] can reasonably be accepted as

consistent with the objective medical and other evidence." (Doc. 7 at 23.)

Judge Johnston found that the ALJ improperly discredited Blaine's subjective testimony, by "cherry-pick[ing] favorable evidence in order to support his conclusion." (Doc. 14 at 17.) Judge Johnston found that the most notable error arose from the ALJ's conclusion that Blaine's symptom log undermined her hearing testimony, when in fact, the ALJ reported only two entries in which Blaine was suffering but still able to perform a basic task, ignoring the other 265 entries that painted a different picture. (*Id.*) Judge Johnston determined that the ALJ's selective reading of the record was legal error. (*Id.* at 15–19). For the reasons more fully explained in the Findings and Recommendations, the Court agrees that the ALJ's determination on this matter is not supported by the record.

However, the Commissioner argues that even if the ALJ erred, the Court should not remand on this issue where the error is harmless. (Doc. 15 at 4 (quoting *Molina*, 674 F.3d at 1115 ("[S]everal of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.")).) The Commissioner cites to the remaining three reasons as evidence that a single invalid reason is harmless error where an ALJ provides additional valid reasons.

The Commissioner is correct that harmless error principles apply in the

Social Security context. *Molina*, 674 F.3d at 1115. And the Court may not set aside an ALJ's decision where an error is harmless. *Id.* at 1111. An error is harmless where "there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Batson*, 359 F.3d at 1197; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). An ALJ's error is harmless if, in light of the record-supported reasons supporting the adverse credibility finding, we can conclude that the ALJ's error did not "affect[ ] the ALJ's conclusion." *Batson*, 359 F.3d at 1197.

Reviewing the remaining reasons provided by the ALJ, the Court finds an additional error in the ALJ's treatment of the objective medical evidence, which included evidence of "normal" X-ray imaging results and an MRI imaging that revealed only a "mild disc bulge." (Doc. 7 at 34–24.) The ALJ concluded that "[t]hese 'mild' findings are inconsistent with the claimant's reported symptoms" and therefore, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms . . . have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." (*Id.*)

The ALJ's decision to accept Blaine's testimony as credible only to the extent it is consistent with the "objective medical and other evidence" is

problematic in light of the Ninth Circuit's clear instructions on this issue. "[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." *Reddick*, 157 F.3d at 722; *see also Brunnell v. Sullivan*, 947 F.2d 341, 342–43 (9th Cir. 1991) (en banc) (holding that an ALJ erred in "disregard[ing] the claimants' allegations of disabling pain because the claimants failed to present objective medical findings to fully corroborate the severity of pain alleged."); *Robbins*, 466 F.3d at 883 (holding that the ALJ may not disregard subjective symptom testimony "solely because it is not substantiated affirmatively by objective medical evidence"); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("In this case, the ALJ disbelieved Light because no objective medical evidence supported Light's testimony regarding the severity of subjective symptoms from which he suffers, particularly pain. An ALJ may not discredit a claimant's subjective testimony on that basis.").

The ALJ's conclusion that Blaine's testimony would only be accepted to the extent that her hearing testimony was "consistent with the objective medical . . . evidence" is the same as rejecting subjective symptom testimony to the extent that it is inconsistent with the objective medical evidence. Here, the ALJ treated consistency with the objective medical evidence as a necessary condition to credibility, *i.e.*, if a certain symptom is *consistent* with the "other evidence" but

-9-

*inconsistent* with the "objective medical evidence" it is, according to the ALJ, not credible. By treating consistency with the objective medical evidence in this way, the ALJ essentially determined that it can be the sole ground for determining that Blaine's symptom testimony is not credible, which is the precise practice the Ninth Circuit prohibits.

Given this, the Court cannot conclude that the ALJ's errors in discrediting Blaine's testimony are harmless. The remaining justifications provided by the ALJ for disbelieving Blaine—that her hearing testimony was inconsistent with her reports of improvement on medication, and conflicted with her own statements to care providers, including her statement that she experiences severe headaches only from "time to time"—fails to provide the sufficiently clear and convincing reasons needed to assure the Court that the ALJ's errors were harmless, particularly in light of Blaine's arguments that the ALJ engaged in a selective reading of the record in reaching these conclusions as well. (*See* Doc. 16 at 3–7). Blaine noted that the treatment records that the ALJ claims are inconsistent with her reports of pain, also contain evidence that Blaine received 27 pain management treatment sessions, and 13 physical therapy sessions, multiple occipital nerve blocks and trigger point injections, and contained notes from ER visits, including a visit where Blaine sought treatment after suffering from a 17 day headache, none of which was mentioned in the ALJ's decision. The Court agrees with Blaine, that the omission

of the evidence that tended to support Blaine's testimony is troubling. "Although it is within the power of the ALJ to make findings concerning the credibility of a witness and to weigh conflicting evidence, he cannot reach a conclusion first, and the attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." *Gallant v. Heckler*, 753 F.2d 1450, 1455–56 (9th Cir. 1984) (internal citations omitted).

Therefore, the Court concludes that the ALJ erred in determining that Blaine's symptoms were not credible and remands for the ALJ to make a new credibility determination after fairly considering all of the evidence in the record and using the correct legal standard as it applies to the objective medical evidence.

Additionally, the ALJ's RFC determination contained no accommodation for any headaches, even though his adverse credibility determination was limited to the conclusion that Blaine experiences "moderate, rather than debilitating, pain levels less frequently than alleged," (Doc. 7 at 23), which the Court takes to mean that Blaine's headaches are less frequent and less severe than she alleges.

In determining a claimant's RFC, "[t]he ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe." *Carmickle*, 533 F.3d at 1164. "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

-11-

Even if the Court assumes that the ALJ correctly determined that Blaine's headaches are not as severe as alleged, the ALJ made no finding that Blaine does not suffer from *any* headaches. He found only that as a general matter, her headaches are not as severe as her hearing testimony indicates. Yet, the ALJ's RFC determination contains no accommodation for persistent but mild headaches, nor infrequent, but debilitating headaches, either of which Blaine may credibly have been believed to suffer from according to the ALJ's conclusion. This is particularly important given the Vocational Expert's testimony that if Blaine's headaches impaired her ability to work as little as 12% of the time, she would likely be considered disabled. (Doc. 7 at 62–63.)

Even assuming that the ALJ was correct in determining that she usually experiences "moderate, rather than debilitating, pain levels less frequently than alleged" it was error for the ALJ to fail to include any pain accommodations. Therefore, the Court affirms Judge Johnston's recommendation to remand to the ALJ to determine whether Blaine still may be disabled.

## II. Medical Opinion and Lay Witness Testimony

Reviewing Blaine's other claims, the Court determines that the ALJ did not clearly err in disregarding the opinions of Blaine's care provider, a physician's assistant, and properly disregarded the opinion of Ken Hogan, a lay witness, for the reasons more fully explained in Judge Johnston's Findings and Recommendations.

The Court therefore adopts the recommendation to affirm the ALJ on these final issues.

In sum, this case is remanded to the ALJ to properly consider Blaine's subjective testimony, and to include an accommodation for all severe and non-severe medical impairments in the RFC.

Accordingly, IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 14) are ADOPTED in part and REJECTED in part. The Commissioner's decision is REVERSED, and Blaine's application for Social Security benefits is REMANDED to the agency for further proceedings consistent with this Order.

1. Blaine's Motion for Summary Judgment (Doc. 11) is GRANTED in part, and DENIED in part.

2. The Commissioner's Motion for Summary Judgment (Doc. 12) is DENIED in part, and GRANTED in part.

3. The Commissioner's decision denying benefits to Blaine is REVERSED pursuant to 42 U.S.C. § 405(g), and her claim is REMANDED for additional administrative proceedings consistent with the order.

DATED this 29th day of November, 2018.

Dana L. Christensen, Chief Judge
United States District Court