IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| CODY BLAINE,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>Defendant. | CV 17–98–H–DLC<br><br>ORDER |

Before the Court is Plaintiff Cody Blaine's Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 21.) Ms. Blaine moves this Court for an order approving an award of $16,433.50 in attorney's fees, pursuant to 42 U.S.C. § 406(b). (*Id.* at 2.) The Defendant does not object. (*Id.* at 3, 12.) The Court will grant the motion.

## BACKGROUND

Ms. Blaine commenced this action on October 17, 2017, seeking review of a decision of the Commissioner of Social Security denying his application for disability benefits. (*See generally* Doc. 1.) On November 29, 2018, this Court issued an order reversing the commissioner's decision for several reasons and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes the Acting Commissioner of Social Security Administration, Kilolo Kijakazi in the place of former Acting Commissioner of Social Security Administration, Nancy Berryhill.

1

remanding the matter for further administrative proceedings.  (*See generally* Doc. 17.)

In early 2019, Ms. Blaine sought and received from this Court a $7,000 award of attorney's fees under the Equal Access to Justice Act.  (Docs. 18–19.)  Judgement was entered by the Clerk of Court on March 5, 2019.  (Doc. 20.)  On June 24, 2021, the commissioner issued an amended decision, awarding Ms. Blaine disability benefits back to April of 2014.  (Doc. 21 at 8.)  The Social Security Administration is currently withholding $16,433.50 in past-due benefits, constituting 25% of the total past-due benefits.  (*Id.*; Doc. 21-1 at 4.)  Ms. Blaine now seeks an award of fees, pursuant to 42 U.S.C. § 406(b), in the amount of $16,433.50.

## ANALYSIS

If this Court "renders a judgment favorable to a claimant" in a social security benefits dispute, and the claimant was represented by an attorney, it may "determine and allow as part of its judgment a reasonable fee for such representation."  42 U.S.C. § 406(b)(1)(A).  This statute establishes a ceiling, prohibiting fee awards "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  *Id.*  Additionally, an award of fees under this statute generally prohibits any additional compensation for the services rendered.  *Id.*  This statute governs situations, such as those present

here, in which a claimant successfully challenges a commissioner's decision in the district court, prevails on remand, and subsequently seeks an award of attorney fees incurred during the district court phase of the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).[2]

The § 406(b) analysis was perfected by the Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). There, the Supreme held that when a contingent-fee agreement is in place, the Court's task under § 406(b) is to look "first to the contingent-fee agreement, then test[] it for reasonableness." *Id.* at 808. The focal point of the reasonableness inquiry is "the character of the representation and the results the representative achieved." *Id.* This Court may "properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. The Court finds no basis for reducing the amount of attorney's fees sought in this case.

This outcome is justified by several considerations. First, Defendant does not object to the amount of fees sought. (Doc. 21 at 12.) Second, the fees award stems directly from a lawful contingent-fee agreement entered into between

---

[2] This abnormal procedural posture has resulted in a practice whereby counsel "file[s] a motion for section 406(b) fees at some indeterminate time after counsel has received a Notice of Award." *Herrera v. Berryhill*, 2019 WL 157724, *2 (C.D. Cal. 2019). Questions regarding the timeliness of § 406(b) fees motions and application of Rule 54(d)(2)'s fourteen day filing deadline have not yet been addressed by the Ninth Circuit, *Drake v. Berryhill*, 2018 WL 4352899, *4 (C.D. Cal. 2018), and are not raised by the parties here. Accordingly, the Court declines to address these issues and presumes Ms. Blaine's motion is timely.

counsel and client (Doc. 21-2 at 1–2.), which enjoy "primacy" in requests for fees under § 406(b). *Gisbrecht*, 535 U.S. at 793. Third, the fee award sought does not exceed the 25% past-due benefit threshold imposed by § 406(b).

Finally, and perhaps most importantly, a $16,433.50 fee award is not unreasonable, when assessed in relation to counsel's performance, delays, and the amount of benefits obtained. *Crawford*, 586 F.3d at 1151. Ms. Blaine obtained an award of future disability benefits and past-due benefits from April 2014 onward. (Doc. 21-1 at 1.) As counsel notes, this case has ended with "a highly favorable result" for Ms. Blaine. (Doc. 21 at 5.) Moreover, this matter has not suffered from any undue delay. Lastly, Ms. Blaine obtained an award in excess of $60,000 (Doc. 21-1 at 1), the fruits of counsel's 38.7 hours of labor. (Doc. 21 at 9–13.) The ratio between the amount of time expended and the amount of fees sought is not so disproportionate as to warrant reduction by this Court. In short, the Court finds a fees award of $16,433.50 to be reasonable within the meaning of § 406(b).

As a final matter, because counsel received a $7,000 award of attorney's fees under the Equal Access to Justice Act, (Docs. 18–19), he shall reimburse Ms. Blaine that amount upon receipt of the $16,433.50 award. *Gisbrecht*, 535 U.S. at 796. The Court notes counsel has expressed his intent to do so. (Doc. 21 at 12.)

Accordingly, IT IS ORDERED the motion (Doc. 21) is GRANTED.

IT IS FURTHER ORDERED that the Defendant shall, without undue delay,

pay Ms. Blaine's counsel $16,433.50, currently being withheld for payment to representative (Doc. 21-1 at 4.)

IT IS FURTHER ORDERED that following counsel's receipt of the $16,433.50, he shall promptly reimburse Ms. Blaine in the amount of $7,000, previously awarded under the Equal Access to Justice Act.

IT IS FURTHER ORDERED that, pursuant to 42 U.S.C. § 406(b), the Clerk of Court shall issue an amended judgment in the above-captioned matter incorporating the $16,433.50 fee award.

DATED this 5th day of October, 2021.

                                          Dana L. Christensen, District Judge
United States District Court